# Exhibit A

CORPORATION SERVICE COMPANY®

null / ALL
**Transmittal Number: 15627099**
**Date Processed: 09/14/2016**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Dean Robertson Esq.<br>Vitas Healthcare Corporation<br>201 S Biscayne Blvd<br>Suite 400<br>Miami, FL 33131 |
| **Electronic copy provided to:** | Rena Damas |

| | |
|---|---|
| **Entity:** | Vitas Healthcare Corporation of California<br>Entity ID Number 1628509 |
| **Entity Served:** | Vitas Healthcare Corporation of California |
| **Title of Action:** | Derrik Staples vs. Vitas Healthcare Corporation of California |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | San Diego County Superior Court, California |
| **Case/Reference No:** | 37-2016-00026339-CU-OE-CTL |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 09/13/2016 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Michael P. Sousa<br>858-453-6122 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscglobal.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)

CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2016 AUG -2 PM 2:21

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

VITAS HEALTHCARE CORPORATION OF CALIFORNIA; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

DERRIK STAPLES

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Hall of Justice
330 W. Broadway
San Diego, CA 92101

CASE NUMBER: *(Número del Caso):* 37-2016-00026339-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Michael P. Sousa, APC., 3232 Governor Dr., Suite A., San Diego, CA 92122

DATE: *(Fecha)* AUG 0 2 2016 Clerk, by *(Secretario)* R. DAY , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Vitas Healthcare Corporation of California

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 9/13/16

Michael P. Sousa (SBN 229416)
LAW OFFICES OF MICHAEL P. SOUSA, APC
3232 Governor Drive, Suite A
San Diego, CA 92122
Tel: (858) 453-6122
Fax: (858) 453-2155
msousa@msousalaw.com

Attorney for Plaintiff, DERRIK STAPLES

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION
2016 AUG -1 P 3:20
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

| | |
|---|---|
| DERRIK STAPLES,<br><br>Plaintiff,<br><br>vs.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA; and DOES 1 through 100, inclusive<br><br>Defendants. | CASE NO.<br>**37-2016-00026339-CU-OE-CTL**<br><br>**COMPLAINT FOR:**<br>**1) DISABILITY DISCRIMINATION;**<br>**2) FAILURE TO ACCOMMODATE A DISABILITY;**<br>**3) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS; AND**<br>**4) RETALIATION.**<br><br>**Jury Trial Demanded** |

Plaintiff DERRIK STAPLES complains and alleges as follows:

**PARTIES**

1. Plaintiff DERRIK STAPLES (hereinafter "Plaintiff" or "STAPLES") is, and at all times relevant hereto was, a resident of the State of California, County of San Diego.

2. Plaintiff is informed and believes and thereby alleges that Defendant, VITAS HEALTHCARE CORPORATION OF CALIFORNIA (hereinafter "Defendant" and "VITAS") is, and at all times relevant hereto was, a California corporation, with a principal place of business in San Diego County, California.

3. The true names and capacities of the Defendants named herein as DOES 1 through 100, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff,

who therefore sues such Defendants by fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiff is informed and believes that DOE Defendants are California residents. Plaintiff will amend this complaint to show such true names and capacities when they have been determined.

4. Plaintiff is informed and believes, and thereby alleges, that each of the Defendants herein was, at all times relevant hereto, the agent, employee, partner, and/or representative of the remaining Defendants and was acting at least in part within the scope of such relationship.

**FACTS COMMON TO ALL CAUSES OF ACTION**

5. Plaintiff is a 35-year old male. He was hired by VITAS in or about April, 2012 and last held the position of Admissions Coordinator. Plaintiff was hired by Noelle Halterman and worked under her supervision for the duration of his employment with VITAS. Noelle Halterman would report employee work performance and issues to her superior at VITAS, Julie Dayiantis. During his first few years of employment with VITAS, Plaintiff regularly received positive performance evaluation ratings by Ms. Halterman.

6. After approximately one year of employment with VITAS, Plaintiff began experiencing severe discomfort in and around his legs while completing regular tasks in his daily life (such as sitting in a chair for prolonged periods). Plaintiff's discomfort increased significantly while working at VITAS, as he spent the majority of his days sitting at his desk. Plaintiff sought out medical care and was diagnosed with edema, possibly caused by Plaintiff's previous service in the Army as a paratrooper. Shortly after being diagnosed, Plaintiff underwent a series of surgeries to rectify the condition. When the surgeries were complete, Plaintiff's condition improved somewhat, but he still continued to suffer significant pain, discomfort, and swelling of the legs when sitting for long periods at his desk. As a result of this disabling condition, Plaintiff required several accommodations. Plaintiff needed to elevate his legs at his desk, take short walks to keep the circulation flowing properly, as well as wearing a special device that improved circulation in the lower leg region. Plaintiff was also required to take medication to treat the fluid retention in his body, which caused him to urinate more often than normal. Plaintiff kept his supervisor, Ms. Halterman, and his co-workers informed of his condition and necessary accommodations. Ms.

Halterman acknowledged these accommodations and allowed them without any complaint for over two years. Plaintiff continued to perform at or above VITAS'S expectations during this time period, and continued to perform well through the remainder of his employment.

7. In June, 2015, Plaintiff received a written warning, in which his excessive use of the restroom was cited as a major concern. A 90 day performance improvement plan was set in place in July, 2015 in which Plaintiff was to only use the restroom according to a proposed schedule.

8. Shortly after the 90 day performance improvement plan was set in place, Plaintiff was ordered by Ms. Dayiantis to obtain a doctor's note from his physician that stated his restroom usage was a direct result of his condition and excuses him from frequent use of the restroom. Plaintiff provided the doctor's note to Ms. Dayiantis on or about August 5, 2015, less than 30 days into his 90 day performance improvement plan.

9. In early September, 2015, VITAS gave Plaintiff another performance review, in which it was stated that Plaintiff was either improving his performance or was performing satisfactorily. Nonetheless, about one week after this latest, positive performance review, VITAS terminated Plaintiff from his employment. Plaintiff was not given a termination notice. Upon information and belief, VITAS terminated Plaintiff because of his disability, and/or because of his request for accommodation of his disability, and/or because of VITAS'S unwillingness to enter the interactive process.

**FIRST CAUSE OF ACTION**

**(Disability Discrimination in violation of California Govt. Code § 12940 *et seq.* against Defendants VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a California Corporation, and DOES 1 - 100, inclusive)**

10. Plaintiff hereby realleges, and incorporates by reference herein, each and every preceding paragraph of this complaint.

11. Plaintiff is, and at all times material hereto, has been an employee covered by California Government Code § 12940 *et seq.* prohibiting discrimination in employment on the basis of disability.

12. Defendants are, and at all times material hereto, have been employers within the meaning of California Government Code § 12926(c) and, as such, barred from discriminating in employment decisions on the basis of disabilities as set forth in California Government Code § 12940 *et seq*.

13. Plaintiff had been diagnosed with a disability within the context of the Fair Employment and Housing Act. Furthermore, Defendants have, at all times relevant hereto, regarded Plaintiff as having a disability within the meaning of the Fair Employment and Housing Act, and Plaintiff has a record of having this disability within the meaning of the Fair Employment and Housing Act.

14. Defendants have continually discriminated against Plaintiff because of his disability, in violation of California Government Code § 12940 *et seq*., by engaging in a course of conduct which included, but is not limited to, the termination described above.

15. Plaintiff filed timely charges of disability discrimination with the Department of Fair Employment and Housing and has received notice of his right to sue pursuant to California Government Code § 12965(b) permitting him to bring this action. Therefore, Plaintiff has exhausted all of his administrative remedies.

16. As a proximate result of Defendants' continuing discrimination against Plaintiff, Plaintiff has suffered losses in earnings, bonuses, deferred compensation, and other employment benefits, and suffered, and continues to suffer, embarrassment, humiliation and mental anguish all to his damage in an amount according to proof.

17. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from all Defendants in an amount according to proof.

18. As a result of Defendants' continuing discrimination as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by California Government Code §12965(b).

WHEREFORE, Plaintiff requests relief as hereinafter provided.

## SECOND CAUSE OF ACTION

**(Continuing Refusal to Accommodate Disabilities in Violation of California Government Code § 12940 *et seq.* against Defendants VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a California Corporation; and DOES 1 - 100, inclusive)**

19. Plaintiff hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

20. Plaintiff was at all times material hereto an employee covered by California Government Code § 12940 *et seq.* requiring reasonable accommodation for individuals with disabilities.

21. Defendants were, and at all times material hereto are, employers within the meaning of California Government Code § 12926(c) and as such required to provide reasonable accommodation for individuals with disabilities.

22. Plaintiff suffers from a disability within the meaning of California Government Code § 12940 *et seq*. Furthermore, Defendants have at all times relevant hereto been aware of Plaintiff having this disability within the meaning of California Government Code § 12940 *et seq.*, and he has a record of such disability.

23. Defendants failed to accommodate Plaintiff's disability in violation of California Government Code § 12940 *et seq.* by engaging in a course of conduct that includes, but is not limited to, the conduct alleged above.

24. Plaintiff filed timely charges of failure to accommodate with the Department of Fair Employment and Housing and has received a right to sue notice pursuant to California Government Code § 12965(b) permitting him to bring this action. Therefore, Plaintiff has exhausted all of his administrative remedies.

25. As a proximate result of Defendants' actions against Plaintiff, Plaintiff has suffered substantial losses in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer from embarrassment, humiliation, and mental anguish all to his damage in an amount according to proof.

26. As a result of Defendants' failure to accommodate Plaintiff's disability as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by Government Code § 12965(b).

WHEREFORE, Plaintiff requests relief as hereinafter provided.

## THIRD CAUSE OF ACTION

**(Continuing Refusal to Enter the Interactive Process in Violation of California Government Code § 12940 *et seq.* against Defendants VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a California Corporation; and DOES 1 - 100, inclusive)**

27. Plaintiff hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

28. Plaintiff was at all times material hereto an employee covered by California Government Code § 12940 *et seq.*, requiring employers to enter into and complete an interactive process with disabled employees in order to accommodate their disabilities.

29. Defendants were, and at all times material hereto are, employers within the meaning of California Government Code § 12926(c) and as such required to enter into and complete an interactive process with employees who request accommodation.

30. Plaintiff suffers from a disability within the meaning of California Government Code § 12940 *et seq*. Furthermore, Defendants have, at all times relevant hereto, been aware of Plaintiff having this disability within the meaning of California Government Code § 12940 *et seq.*, and he has a record of such disability.

31. Defendants failed to enter into and complete the interactive process with Plaintiff in violation of California Government Code § 12940 *et seq.* by engaging in a course of conduct that includes, but is not limited to, the conduct alleged above.

32. Plaintiff filed timely charges of failure to enter the interactive process with the Department of Fair Employment and Housing and has received a right to sue notice pursuant to California Government Code § 12965(b) permitting him to bring this action. Therefore, Plaintiff has exhausted all of his administrative remedies.

33. As a proximate result of Defendants' actions against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer embarrassment, humiliation, and mental anguish all to his damage in an amount according to proof.

34. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from all Defendants in an amount according to proof.

35. As a result of Defendants' refusal to enter into and complete the interactive process as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by Government Code § 12965(b).

WHEREFORE, Plaintiff requests relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**

**(Retaliation in Violation of California Govt. Code § 12940 *et seq*. against Defendants VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a California Corporation; and DOES 1 - 100, inclusive)**

36. Plaintiff hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

37. Plaintiff was at all relevant times an employee covered by California Govt. Code § 12940 *et seq*. prohibiting retaliation in employment on the basis of requests for accommodation of a disability, or attempts to enter into and complete the interactive process.

38. Defendants are, and at all relevant times were, employers within the meaning of California Govt. Code § 12926(c) and, as such, are barred from retaliating in employment decisions on the basis of employee requests for accommodation of a disability, attempts at engaging in the interactive process, or requests for medical leave.

39. Defendants have continually retaliated against Plaintiff on the basis of his requests for accommodation and/or refusal to allow completion of the interactive process. This is a violation of California Govt. Code § 12940, *et seq*.

40. Plaintiff filed timely charges with the Department of Fair Employment and Housing and has received a right to sue notice pursuant to California Government Code § 12965(b) permitting him to bring this action. Therefore, Plaintiff has exhausted all of his administrative remedies.

41. As a proximate result of Defendants' continuing retaliation against Plaintiff, Plaintiff has suffered losses in earnings, bonuses, deferred compensation, and other employment benefits, and suffered, and continues to suffer, embarrassment, humiliation, and mental anguish all to his damage in an amount according to proof.

42. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from all Defendants in an amount according to proof.

43. As a result of Defendants' continuing retaliatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by California Govt. Code § 12965(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests relief as follows:

1. For damages according to proof including loss of earnings, deferred compensation, and other employment benefits;

2. For compensatory damages for losses resulting from humiliation, mental anguish, harm to reputation, and emotional distress according to proof;

3. For interest on the amount of losses incurred in earnings, deferred compensation, and other employee benefits at the prevailing rates;

4. For punitive damages against all Defendants according to proof;

5. For reinstatement of Plaintiff to the position from which he was wrongfully terminated, or a comparable position, in Defendant's organization and all benefits attendant thereto that would have been afforded Plaintiff but for said unlawful termination, and with reasonable accommodation of his disabilities;

6. That Defendants, their agents, successors, employees and those acting in concert, be enjoined permanently from engaging in each of the unlawful practices, policies, usages and customs set forth herein;

7. For costs of suit including reasonable attorneys' fees; and

8. For such other and further relief as the Court may deem proper.

LAW OFFICES OF MICHAEL P. SOUSA, APC

DATED: 7/27, 2016

By: [signature]
MICHAEL P. SOUSA
Attorney for Plaintiff,
DERRIK STAPLES

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Michael P. Sousa (SBN 229416)
Law Offices of Michael P. Sousa, APC
3232 Governor Dr., Suite A
San Diego, CA 92101
TELEPHONE NO.: (858) 453-6122 FAX NO.: (858) 453-2155
ATTORNEY FOR (Name): Derrik Staples

FOR COURT USE ONLY

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION
2016 AUG 16 PM 2:21
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Derrik Staples v. Vitas Healthcare Corporation of California

# CIVIL CASE COVER SHEET

☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less)

Complex Case Designation
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 37-2016-00026339-CU-OE-CTL
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify)*: Four (4)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 28, 2016
Michael P. Sousa
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS: 330 W Broadway
CITY AND ZIP CODE: San Diego, CA 92101-3827
BRANCH NAME: Central
TELEPHONE NUMBER: (619) 450-7070

PLAINTIFF(S) / PETITIONER(S): Derrick Staples

DEFENDANT(S) / RESPONDENT(S): Vitas Healthcare Corporation of California

STAPLES VS VITAS HEALTHCARE CORPORATION OF CALIFORNIA [IMAGED]

**NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE**

CASE NUMBER: 37-2016-00026339-CU-OE-CTL

**CASE ASSIGNMENT**

Judge: Randa Trapp Department: C-70

**COMPLAINT/PETITION FILED:** 08/01/2016

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 01/27/2017 | 09:30 am | C-70 | Randa Trapp |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

# Superior Court of California
# County of San Diego

## NOTICE OF ELIGIBILITY TO eFILE AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 051414 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

**Please refer to the General Order - Imaging located on the San Diego Superior Court website at:**

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2016-00026339-CU-OE-CTL CASE TITLE: Staples vs Vitas Healthcare Corporation of California [IM/

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**

**(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
**(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and***
**(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

### Most Common Types of ADR

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

**Local ADR Programs for Civil Cases**

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):

- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

**Legal Representation and Advice**

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| PLAINTIFF(S): Derrick Staples | |
| DEFENDANT(S): Vitas Healthcare Corporation of California | |
| SHORT TITLE: STAPLES VS VITAS HEALTHCARE CORPORATION OF CALIFORNIA [IMAGED] | |
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: 37-2016-00026339-CU-OE-CTL |

Judge: Randa Trapp Department: C-70

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

- ☐ Mediation (court-connected)
- ☐ Non-binding private arbitration
- ☐ Mediation (private)
- ☐ Binding private arbitration
- ☐ Voluntary settlement conference (private)
- ☐ Non-binding judicial arbitration (discovery until 15 days before trial)
- ☐ Neutral evaluation (private)
- ☐ Non-binding judicial arbitration (discovery until 30 days before trial)
- ☐ Other (*specify e.g., private mini-trial, private judge, etc.*): ____________________

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* ____________________

Alternate neutral (for court Civil Mediation Program and arbitration only): ____________________

Date: ____________________ Date: ____________________

Name of Plaintiff ____________________ Name of Defendant ____________________

Signature ____________________ Signature ____________________

Name of Plaintiff's Attorney ____________________ Name of Defendant's Attorney ____________________

Signature ____________________ Signature ____________________

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 08/02/2016

____________________
JUDGE OF THE SUPERIOR COURT

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Michael P. Sousa (SBN 229416)<br>Law Offices of Michael P. Sousa, APC<br>3232 Governor Drive, Suite A, San Diego, CA 92122<br>TELEPHONE NO.: (858) 453-6122 FAX NO.(Optional): (858) 453-2155<br>E-MAIL ADDRESS (Optional): msousa@msousalaw.com<br>ATTORNEY FOR (Name): Plaintiff, Derrik Staples | FOR COURT USE ONLY<br>FILED<br>Clerk of the Superior Court<br>AUG 12 2016<br>By Anthony Shirley, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>☐ CENTRAL DIVISION, COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101<br>☒ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101<br>☐ CENTRAL DIVISION, FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101<br>☐ CENTRAL DIVISION, MADGE BRADLEY, 1409 4TH AVE., SAN DIEGO, CA 92101<br>☐ CENTRAL DIVISION, KEARNY MESA, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123<br>☐ CENTRAL DIVISION, JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020<br>☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910 | |
| PLAINTIFF(S)<br>DERRIK STAPLES | |
| DEFENDANT(S)<br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA | JUDGE<br>Hon. Judge Randa Trapp |
| IN THE MATTER OF<br>A MINOR | DEPT<br>C-70 |
| PEREMPTORY CHALLENGE | CASE NUMBER<br>37-2016-00026339-CU-OE-CTL |

Michael P. Sousa, is ☐ a party ☒ an attorney for a party in the above-entitled case and declares that Hon. Judge Randa Trapp, the judge to whom this case is assigned, is prejudiced against the party or the party's attorney or the interests of the party or the party's attorney such that the said party or parties believe(s) that a fair and impartial trial or hearing cannot be had before such judge.

WHEREFORE, pursuant to the provisions of Code Civ. Proc. §170.6, I respectfully request that this court issue its order reassigning said case to another, and different, judge for further proceedings.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 10, 2016 ______________________ Signature

## ORDER OF THE COURT

☑ GRANTED - This case is referred to Presiding/Supervising Department for reassignment and a notice will be mailed to counsel.

☐ DENIED

Date: AUG 15 2016

RANDA TRAPP
Judge/Commissioner/Referee of the Superior Court

## FOR OFFICE USE ONLY

This case has been reassigned to Judge ______________________ per Presiding/Supervising Judge ______________________ on ______________________.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 450-7072 | *FOR COURT USE ONLY* |
|---|---|
| PLAINTIFF: Derrick Staples | |
| DEFENDANT: Vitas Healthcare Corporation of California | |
| Short Title: Staples vs Vitas Healthcare Corporation of California [IMAGED] | |
| **NOTICE OF CASE REASSIGNMENT** | CASE NUMBER:<br>37-2016-00026339-CU-OE-CTL |

**Filed :** 08/01/2016

EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED

to Judge Timothy Taylor, in Department C-72

due to the following reason: 170.6

All subsequent documents filed in this case must include the name of the new judge and the department number on the first page immediately below the number of the case. All counsel and self-represented litigants are advised that Division II of the Superior Court Rules is strictly enforced. It is the duty of each plaintiff (and cross-complainant) to serve a copy of this notice with the complaint (and cross-complaint).

ANY NEW HEARINGS ON THIS CASE WILL BE SCHEDULED BEFORE THE NEW JUDICIAL OFFICER

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** Staples vs Vitas Healthcare Corporation of California [IMAGED]

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: **37-2016-00026339-CU-OE-CTL** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF CASE REASSIGNMENT was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 08/15/2016. The mailing occurred at Gardena, California on 08/16/2016.

Clerk of the Court, by: J. Parra, Deputy

MICHAEL SOUSA
3232 GOVERNOR DR. SUITE A
SAN DIEGO, CA 92122

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central
TELEPHONE NUMBER: (619) 450-7072

PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): Derrick Staples

DEFENDANT(S)/RESPONDENT(S): Vitas Healthcare Corporation of California

Short Title: Staples vs Vitas Healthcare Corporation of California [IMAGED]

**NOTICE OF HEARING**

CASE NUMBER: 37-2016-00026339-CU-OE-CTL

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above. All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 12/09/2016 | 09:15 am | C-72 | Timothy Taylor |

Counsel: Check service list. If you have brought a party into this case who is not included in the service list, San Diego Superior Court Local Rules, Division II, requires you to serve the party with a copy of this notice.

A case management statement must be completed by counsel for all parties or parties in pro per and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR options.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** Staples vs Vitas Healthcare Corporation of California [ IMAGED]

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: **37-2016-00026339-CU-OE-CTL** |
| --- | --- |

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 08/16/2016. The mailing occurred at Gardena, California on 08/17/2016.

Clerk of the Court, by: L Von Nordheim, Deputy

MICHAEL SOUSA
3232 GOVERNOR DR. SUITE A
SAN DIEGO, CA 92122

# Exhibit B

REED E. SCHAPER (SBN 082792)
FERRY LOPEZ (SBN 274080)
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard
Suite 600
Santa Monica, CA 90401
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

Attorneys for Defendant
VITAS HEALTHCARE CORPORATION OF CALIFORNIA

COPY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| DERRIK STAPLES,<br>Plaintiff,<br>vs.<br>VITAS HEALTHCARE CORORATION OF CALIFORNIA; and DOES 1 through 100, inclusive,<br>Defendants. | Case No. 37-2016-00026339-CU-OE-CTL<br>**DEFENDANT VITAS HEALTHCARE CORPORATION OF CALIFORNIA'S ANSWER TO COMPLAINT**<br>'16 OCT 11 AM10:46 |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

Defendant VITAS HEALTHCARE CORPORATION OF CALIFORNIA ("Defendant"), hereby answers Plaintiff DERRIK STAMPLES' ("Plaintiff") Complaint for Damages ("Complaint") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally denies each and every allegation contained in the Complaint. Defendant further denies that Plaintiff has been damaged in any sum or amount whatsoever, and deny that Plaintiff is entitled to any damages, punitive or otherwise, in any sum or amount whatsoever.

FAXED

Defendant asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1. The Complaint, and each cause of action set forth therein, fails to state facts sufficient to constitute any cause of action, or to set forth a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, Unclean Hands and Laches)**

2. The Complaint, and each cause of action set forth therein, is barred in that Plaintiff, by reason of his conduct and actions, is barred by the doctrines of estoppel, unclean hands, waiver and/or laches from asserting the claims set forth therein.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

3. The Complaint, and each cause of action set forth therein, is barred in that Plaintiff has failed to exhaust his administrative remedies.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

4. The Complaint, and each cause of action set forth therein, is barred in whole or in part by applicable statutes of limitations, including but not limited to California Code of Civil Procedure §340 and California Government Code §12960.

**FIFTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Exclusivity)**

5. To the extent that Plaintiff's Complaint alleges emotional or physical injury, any recovery is barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code Sections 3200, *et seq.*

**SIXTH AFFIRMATIVE DEFENSE**

**(Consent)**

6. Plaintiff's claims are barred, and/or his damages are limited, to the extent that Plaintiff consented to the conduct alleged in his Complaint.



HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**SEVENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences and Failure to Use Preventative Opportunities)**

7. Plaintiffs claims are barred, and/or his damages are limited, because Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or take reasonable precautions to avoid the purported harm alleged.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

8. Plaintiff has failed to mitigate damages and, to the extent of such failure, any damages awarded to Plaintiff should be reduced accordingly.

**NINTH AFFIRMATIVE DEFENSE**

**(Punitive Damages)**

9. Plaintiff's claim for punitive damages is barred because he has failed to plead facts sufficient to support allegations of malice, oppression or fraud, or of any ratification of any such acts by Defendant.

**TENTH AFFIRMATIVE DEFENSE**

**(Undue Hardship)**

10. Plaintiff's claims are barred in whole or in part because it would have created an undue hardship to accommodate his asserted disability.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Offset)**

11. As a defense to all of Plaintiff's Causes of Action and his Prayer for Relief, Defendant states: upon a full accounting during or before trial, the evidence will show that Plaintiff has been overpaid and Defendant has suffered damage by reason of this overpayment. Defendant has the right of offset if any amount of money was overpaid and must be offset against any damage Plaintiff supposedly suffered.

## TWELFTH AFFIRMATIVE DEFENSE

**(After Acquired Evidence Doctrine)**

12. As an affirmative defense to each of Plaintiff's Causes of Action, Defendant avers that the claims, in whole or in part, are barred by the doctrine of after-acquired evidence.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Right to Raise Additional Defenses)**

13. The Complaint fails to state the bases of the underlying claims made against Defendant with sufficient particularity so as to enable Defendant to determine all of its defenses thereto. Therefore, Defendant reserves the right to assert all applicable defenses to the Complaint once the specific bases of such claims are determined through discovery or otherwise.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by his Complaint and that judgment be entered in favor of Defendant on each and every one of Plaintiff's causes of action;
2. That Defendant be awarded its costs of suit incurred herein;
3. That Defendant be awarded its reasonable attorneys' fees; and
4. For such other and further relief as this Court deems just and proper.

Dated: October 11, 2016

HIRSCHFELD KRAEMER LLP

By: ______________________
Reed E. Schaper
Ferry Lopez
Attorneys for Defendant
VITAS HEALTHCARE CORPORATION OF CALIFORNIA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 233 Wilshire Boulevard, Suite 600, Santa Monica, California 90401. On October 11, 2016, I served the following document(s) by the method indicated below:

**DEFENDANT VITAS HEALTHCARE CORPORATION OF CALIFORNIA'S ANSWER TO COMPLAINT**

☐ by transmitting **via facsimile** on this date from fax number (310) 255-0986 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at Santa Monica, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On October 11, 2016, I caused to be served via messenger the above-listed documents.

☐ by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

| | |
|---|---|
| ***Michael P. Sousa, Esq.***<br>***Law Offices of Michael P. Sousa, APC***<br>***3232 Governor Drive, Suite A***<br>***San Diego, CA 92122*** | ***Telephone: (858) 453-6122***<br>***Facsimile: (858) 453-2155***<br>***msousa@msousalaw.com*** |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 11, 2016, at Santa Monica, California.

*[signature]*
Patricia Dragotta





HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

# Exhibit C

REED E. SCHAPER (SBN 082792)
FERRY LOPEZ (SBN 274080)
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard,Suite 600
Santa Monica, CA 90401
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

Attorneys for Defendant
VITAS HEALTHCARE CORPORATION OF CALIFORNIA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

| | |
|---|---|
| DERRIK STAPLES,<br><br>Plaintiff,<br><br>vs.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 37-2016-00026339-CU-OE-CTL<br><br>**NOTICE TO STATE COURT RE REMOVAL TO FEDERAL COURT**<br><br>Dept: C-72<br>Judge: Hon. Timothy Taylor<br><br>Complaint Filed: August 1, 2016 |

**TO THE COURT, PLAINTIFF AND HIS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant VITAS HEALTHCARE CORPORATION OF CALIFORNIA, in the above-captioned matter, has filed a NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT, pursuant to 28 U.S.C. sections 1441(a), (b) and 1446, in the United States District Court for the Southern District of California, thereby removing the above-captioned matter to said court.

///

///

///

///

///



HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

A copy of the Notice of Removal of Action to Federal Court is attached hereto as Exhibit 1.

Dated: October 12, 2016

HIRSCHFELD KRAEMER LLP

By: ______________________
Reed E. Schaper
Ferry Lopez
Attorneys for Defendant
VITAS HEALTHCARE CORPORATION OF CALIFORNIA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 233 Wilshire Boulevard, Suite 600, Santa Monica, California 90401. On October 12, 2016, I served the following document(s) by the method indicated below:

**NOTICE TO STATE COURT RE REMOVAL TO FEDERAL COURT**

☐ by transmitting **via facsimile** on this date from fax number (310) 255-0986 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☐ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at Santa Monica, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On October ___, 2016, I caused to be served via messenger the above-listed documents.

☐ by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

Michael P. Sousa, Esq.
Law Offices of Michael P. Sousa, APC
3232 Governor Drive, Suite A
San Diego, CA 92122
T: (858) 453-6122
F: (858) 453-2155
E: msousa@msousalaw.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 12, 2016, at Santa Monica, California.

Patricia Dragotta
Patricia Dragotta

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 233 Wilshire Boulevard, Suite 600, Santa Monica, California 90401. On October __ 12, 2016, I served the following document(s) by the method indicated below:

**DECLARATION OF FERRY E. LOPEZ IN SUPPORT OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441 (a)(b); 28 U.S.C. § 1332**

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at Santa Monica, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On , I caused to be served via messenger the above-listed documents.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐ by **electronic mail** to the email addresses as set forth below.

Michael P. Sousa, Esq.
msousa@msousalaw.com
T: (858) 453-6122
F: (858) 453-2155
Law Offices of Michael Pl Sousa, APC
3232 Governor Drive, Suite A
San Diego, CA 92122

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on October 12, 2016, at Santa Monica, California.

*/s/Patricia Dragotta*
Patricia Dragotta

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA